SETH WADE v. THE STATE.

*No. 1202.   Decided November 6th, 1895.*

1. **Juror—Qualification of—Previously Formed Opinions.**

Where, on his voi dire examination, the juror stated that he had formed an opinion from general talk and rumor, and that he had also talked with a witness in the case, but that he could, notwithstanding this, give the defendant a fair and impartial trial, whereupon he was held competent.  Held: That the bill of exceptions should have disclosed what witness he talked with; whether the witness was a material one in the case, and whether the conversation with the witness was a factor in the opinion formed.

2. **Robbery—Indictment—Description of Foreign Money.**

On a trial for robbery, where the indictment described the money taken as "one dollar in Mexican money of the value of fifty· cents."  Held: That there being no statute upon the subject of foreign money, our courts take no judicial cognizance of the same; and hence, in describing the same in an indictment, it must be treated as property within the purview of Article 427, Code Crim. Proc,, and should be described by name, kind, quantity and ownership; and that the indictment, having failed to so describe the money, is fatally defective.  Overruling, Bravo v. State, 20 Tex. Crim. App., 177.

APPEAL from the District Court of Gonzales.   Tried below before Hon. T. H. SPOONER.

This appeal is from a conviction for robbery, the punishment being assessed at ten years' imprisonment in the penitentiary.

In view of the disposition made of this case, in the opinion below, it is unnecessary to state the facts.

*Burgess & Hopkins, A. B. Storey, W. A. H. Miller* and *Wm. F. Ramsey*, for appellant.—The court erred in holding that the jurors,. Young and Carraway, were qualified.

These jurors stated they "had formed an opinion as to the guilt or innocence of the defendant upon the charge; that they would carry said opinion into the jury box; and that it would take evidence to remove or change said opinion, but that they could try the case according to the law, and the evidence, and that said opinion would not influence them in finding a verdict; yet they had such opinion."  Defendant challenged them for cause, and the court overruling same, challenged them peremptorily, exhausted his challenges, and was forced to take others that he objected to.   The bill of exception taken at the time states these facts. Rothschild v. State, 7 Tex. Crim. App., 540; Tooney v. State, 8 Tex. Crim. App., 452; Dreyer v. State, 11 Tex. Crim. App., 631; Ellison v. State, 12 Tex. Crim. App., 557; Ward v. State, 19 Tex. Crim. App., 688; May v. State, 33 Tex. Crim. Rep., 81.

The allegation "one dollar in Mexican money" is not a sufficient descriptive averment as to property charged to have been taken either by theft or robbery.   Bravo v. State, 20 Tex. Crim. App., 177; Bishop's. Pro., 3rd Ed., 2 Vol., Sec. 703.

We submit that Art. 427, C. C. P., as construed by Judge Willson in Bravo v. State sustains our contention fully.   That article

requires only a description of the property, "by name, kind, quantity, number and ownership." The description in the Bravo case is: "Twenty-seven and sixty one-hundredth dollars in the silver coin of the Republic of Mexico." Judge Willson says: "We are of the opinion that the description of the property is sufficient. It is a general description of it by name, that is, money, by kind that is silver coin," this holding that "kind" in Article 427, with reference to money, means the sort of money, whether gold, silver, copper or paper. In the allegation of this indictment the "kind" of money is not charged; hence, the statute, which limited the common law rule, is not met, and the indictment is bad. That at common law, this allegation would be bad, there is no sort of question. Bishop's text, quoted above, sustained by an unbroken line of cases, cited in Note 10, settles that question. We submit that this word "kind," used in the statute, is susceptible of no other sensible meaning when applied to money. Although Judge Willson sustains the indictment in the Bravo case, he is careful to say we "do not commend this pleading." The only way to sustain this allegation under the statute quoted is to say that the word "Mexican" describes the money by "kind." But in the first place is "Mexican money" equivalent to saying "current money of the Republic of Mexico?" Unless it is then the matter is worse, for then it would not charge of what nation the money was, the presumption would be that it was money of this country, and the variance would be fatal on that ground. Conceding that "Mexican" is equivalent to, "the Republic of Mexico," that Mexican money means, money of the Republic of Mexico, does that describe the "kind" of money? Does not "kind" apply to the money of any nation? Is not this the common acceptation of the word, and hence, under Art. 10, P. C., the meaning we must here give it? Is the money of England, for instance, a different "kind" of money from ours? Is there any force in this word money, anyhow, as applied to the money of another country? The money of no other country, at least, certainly, of Mexico, is money here. It is not "current" money —legal tender—here. If not, must it not be described as any other property, and was not Judge Willson most correct in not commending the description in the Bravo case?

*Mann Trice,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant in this case was tried in the court below on an indictment charging him with robbery, was convicted, and his punishment assessed at ten years' confinement in the penitentiary, and from the judgment and sentence of the lower court he prosecutes this appeal. The appellant assigns as error the overruling of his motion for a continuance. No such error appears as would authorize a reversal of this case on that account. Inasmuch, however, as this matter is not likely to come up in this shape again, it is unnecessary to discuss it. Appellant also assigns as error the overruling of his challenge for cause to the jurors Young and Carraway. Both of said jurors on their

voir dire examination stated that they had formed an opinion with refer-ence to the guilt or innocence of appellant.    It is stated that they had formed such an opinion from general talk and rumor afloat in the county, and that they had a talk with a witness in the case, but that they could go into the jury box, and give appellant a fair and impartial trial, as if they had never heard of the case.    The appellant challenged said jurors for cause, and then challenged them peremptorily, and afterwards exhausted his challenges, and was compelled to take a juror obnoxious to him, and he now assigns the action of the court in overruling his challenge for cause as error.    In the case of Suit v. State, 30 Tex. Crim. App., 319, the juror stated that he had formed an opinion, that it would require evidence to remove his opinion, but that it would not influence him in rendering a verdict, and that he could render a fair and impartial verdict upon the evidence as testified to on the trial, and the law as given by the court, uninfluenced by his present opinion.    His opinion, it seems, was formed from rumor, and not from having heard any evi-dence in the case, or from having talked with any witness about the case.    In that case it was held that he was a competent juror.    In Shan-nonv. State, 34 Tex. Crim. Rep., 5, the juror answered that he had formed an opinion which it would require evidence to remove, but that he could give defendant a fair and impartial trial according to law and the evi-dence.    It was further disclosed that the juror had formed his opinion from having heard the evidence in the case at a former trial.    The learned judge, in deciding the question as to the competency of said juror, draws a distinction between the former case of Suit v. State and the case of Shannon v. State, and predicates the distinction upon the fact that in the first case the juror had formed his opinion merely from hearsay and rumor, while in the latter case he had formed his opinion from having heard the evidence in the case; and it was held in the latter case that, under such circumstances, notwithstanding the juror qualified under the rule previously laid down in the Suit case, yet it could not be said that he was a fair and impartial juror, his opinion being formed from having heard the sworn testimony in the case.    In the case now before us it is disclosed that the jurors had talked with a witness in the case, but it is not disclosed what witness, whether he was a material witness in the case or not, or whether the conversation with such wit-ness entered, in any respect, as a factor in the opinion formed by the juror.    In our opinion, it was the duty of the appellant to have pushed the investigation further, and to have shown that the opinion so formed was, in part at least, formed from having talked with a witness about the facts in the case.

The other question presented in this case for our consideration is whether the allegation in the indictment descriptive of the property charged to have been taken by means of the robbery, is sufficiently set out.    The allegation in the indictment in this regard is in the following language:   "That the defendant by means   *   *   *,   did then and there take from the possession of him, the said Whitfield, one dollar in

silver coin, the same being current and lawful money of the United States of America, and then and there of the value of one dollar, and one dollar in Mexican money, then and there of the value of fifty cents." On the trial the proof showed that the allegation as to the dollar in silver coin of the United States was not proven, so that the conviction of the appellant depends entirely upon the question whether or not the allegation, "one dollar in Mexican money, of the value of fifty cents," is a good and sufficient description of the property taken. There appears to be, with reference to the description of money of the United States of America, in the decisions of our court, some inconsistency, which it is now not necessary to attempt to reconcile. It will be found that the later cases allow greater latitude in the description of money of the United States, which is attributable to the two articles on the subject (Code Crim. Proc., Arts. 427, 428i). Bryant v. State, 16 Tex. Crim. App., 144; Dukes v. State, 22 Tex. Crim. App., 192; Lewis v. State, 28 Tex. Crim. App., 140. Formerly, an allegation for the theft of money, describing the same in general terms, without giving some further description as to the kind and denomination of such money, would not have been sufficient, but the rule would have been as at common law. And to the same effect see the decisions of other States. State v. Longbottoms, 11 Humph., 40; People v. Ball, 14 Cal., 101; Leftwich v. Com., 20 Grat., 716. It will be observed, however, that we are not now discussing money of the United States of America, but what is alleged to be money in Mexico, or Mexican money. So far as we are advised, our courts take no judicial cognizance of Mexican money, and we have no statute on the subject; so that in the description of the alleged money of a foreign country, it will be treated as property under Article 427, Code Crim. Proc., which reads as follows: "When it becomes necessary to describe property of any kind in an indictment, a general description of same by name, kind, quantity, number and ownership, if known, shall be sufficient." The description of property in this indictment, as has heretofore been stated, is "one dollar in Mexican money." If the same terms were employed as to American money, we would not be informed as to the name of any specific coin, as to its kind, whether gold or silver, or as to its quantity, whether the dollar would consist of one or more coins; and applying the same rule the indictment fails to disclose the kind of Mexican money, the name of the coin, or how many pieces it took to constitute the dollar. If, however, the indictment had been drawn for the theft of coin of the United States of America, it might have been sufficient under Article 428i, but the description of the property in this indictment, which was money of a foreign nation, is of such a general character that appellant was not apprised of the specific charge against him, and could not anticipate the proof that might be offered on the part of the State.

If the allegation had been "a one dollar silver coin, of the denomination and value of one dollar of the Republic of Mexico," we might deem the description sufficient. See Bish. Crim. Proc., Vol. 2, Sec. 703, but such

is not the charge in the indictment in this case. We are aware that this court,—Judge Willson rendering the opinion—in Bravo vs. State, 20 Tex. Crim. App, 177, held a description of Mexican coin substantially similar to that contained in this indictment, sufficient; but, his attention does not seem to have been called to the fact that it was Mexican money, and the learned judge said, in that case: "We cannot commend the description given in the indictment of the property, but still we think it must be regarded as sufficient." We cannot agree with Judge Willson in holding that the indictment in the Bravo case described the Mexican money, which we hold to be simply property, by its name, kind, quantity and number. The number was not given. The allegation, "twenty-seven and sixty one-hundredths dollars in Mexican money," does not attempt to define the number of pieces stolen; and while this might be a sufficient allegation for the theft of legal tender money of the United States, it does not suffice when applied to property generally, as is the case with foreign money. Because the indictment in this case does not sufficiently describe the property alleged to have been taken, the judgment of the lower court is reversed and the cause remanded.

*Reversed and remanded.*

DAVIDSON, Judge, absent.