Epitacio Martinez v. The State.

No. 3600.    Decided June 12, 1907.

1.—Burglary—Indictment—Daytime—Private Residence.

In an indictment which alleged a daytime burglary of a private residence by force, threats, and fraud, the allegation private residence was descriptive, and it devolved upon the prosecution to prove it; and where the evidence showed that the burglarized house was a private residence the allegation in the indictment was sustained, and there was no error.

2.—Same—Duplicity—Night-Time and Daytime Burglary.

An indictment charging burglary may contain as many counts as is thought necessary by the pleader, where the prosecution is for the same transaction, and one count may contain a daytime burglary and another a night-time burglary; and where an indictment charged a daytime burglary in the first count and in the second count a night-time burglary, it was not bad for duplicity.

3.—Same—Variance—Allegation—Proof—Handwriting.

Where in a prosecution for burglary the discrepancy in the spelling of the name of the alleged owner of the house arose from bad handwriting, and it was evident that there was no misapprehension as to the name alleged, there was no error.

4.—Same—Sufficiency of the Evidence.

See opinion for evidence held sufficient to prove want of consent, breaking and defendant's guilt of a burglarious entry.

Appeal from the District Court of Uvalde. Tried below before the Hon. R. H. Burney.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

L. Old, for appellant.

F. J. McCord, Assistant Attorney-General, for the State.—On question of indictment: Williams v. State, 62 S. W. Rep., 1057. On sufficiency of testimony: Bartley v. State, 83 S. W. Rep., 190; Perry v. State, 78. S. W. Rep., 513.

DAVIDSON, Presiding Judge.—This conviction was for burglary. The indictment contained two counts; the conviction occurred under the first, which charged that appellant by force, threats, and fraud, in the daytime, did burglariously and fraudulently break and enter a house then and there at the time of the commission of the offense, occupied by J. J. Warren as a private residence without the consent of the said J. J. Warren, etc. There was a motion in arrest of judgment urged, first, because the indictment does not allege that the house was occupied and actually used as a private residence by Warren at the time of the commission of the offense; second, that it does allege the burglary of a private residence in the daytime, and that the defendant entered the house of Warren in the daytime and

remained concealed until night with the intent to commit a felony or theft. It is also alleged that the indictment is duplicitous in that the first count charges or attempts to° charge the offense of burglary of a private residence in the daytime, which is not an offense known to the laws of this State, and the second count charges or attempts to charge the offense of burglary of a private residence in the night-time, therefore, this indictment is vague, uncertain and insufficient. There are some other grounds suggested in the motion, but they are hypercritical. We are of opinion that the first count, under which the conviction occurred, is sufficient. By the Act of the Twenty-Sixth Legislature, page 318, burglary of a private residence is constituted by entering a private residence by force, threats, or fraud, at night, or in any manner by entering a private residence at any time, either day or night, and remaining concealed therein until night, with the intent, in either case, of committing a felony or the crime of theft. The above is article 839a, Penal Code, and the punishment under this article is for any terms of years in the penitentiary not less than five. In article 845b, passed at the same time, it is provided, "Nothing in articles 839a and 845a of this chapter shall be construed to alter or in any manner repeal articles 838 and 839 of this chapter, nor any part thereof, but shall be construed to make burglary of a private residence at night a separate and distinct offense from burglary, as defined in articles 838 and 839 of this chapter," and article 845c defines what is meant by the expression "private residence." In the first count in the indictment, which forms the basis of this conviction, the use of the word private residence in connection with a daytime burglary was not intended nor did it bring same within the purview of article 839a. It was not necessary under the facts of this case to have charged the entry to have been made in a private residence, though the facts show that such was the case. The entry was in the daytime, as we understand the testimony, and the use of the expression private residence in the indictment, if not surplusage, would not render the indictment vicious. If it should be treated or considered as descriptive, then it would devolve upon the State to prove it. This would not render the indictment vicious under article 838, which defines the offense of burglary as being constituted by entering a house by force, threats, or fraud at night, or in like manner by entering a house at any time, either day or night, and remaining concealed therein until night, with the intent of committing the crime of theft. We are inclined to the opinion that the allegation that it was a private residence, as stated in the face of the indictment, was descriptive of the house, and it, therefore, devolved upon the prosecution to prove that allegation, and if the evidence should have shown that the house was not a private residence, there might have been a variance, but, as before stated, the evidence is unquestioned that the house burglarized was the private residence of Mr. Warren, the alleged owner. His testimony is very clear that he lived in the house; that he slept

there; that he was an unmarried man, but that he had been occupying that as his residence for sometime, and was so occupying it at the time of the alleged burglary. So we are of opinion that the indictment is sufficient to meet the requirements of article 838 and article 839, Penal Code. The fact that the house was unnecessarily or minutely described, would not vitiate the indictment; it would only require proof to meet the descriptive averments. Of course, the indictment is not duplicitous. The indictment may contain as many counts as is thought necessary to meet the emergencies under the testimony, and an indictment charging burglary may contain as many counts as is thought necessary by the pleader to meet any supposed state of facts that might arise upon the trial, where the prosecution is for the same transaction; if there was doubt as to whether the burglary was committed in the night-time or daytime, or it was thought necessary to put in different counts to meet the supposed doubtful questions, the pleader would be justified in placing them in the indictment.

Appellant moved the court to instruct the jury to return a verdict of not guilty on account of the alleged variance between the allegation in the indictment and the evidence adduced in that the indictment charges the house to be the property of J. J. Wowen, and the entry was made without the consent of said J. J. Wowen, whereas the evidence showed that the house was under the control of J. J. Warren. In support of this, the original indictment is sent up to this court for its inspection. We do not believe there is any merit in this contention. While the two r's in the name Warren somewhat resembles a "w," it in nowise resembles the letter "w" elsewhere in the indictment as written by the pleader, and it is evidence, from an inspection of the allegation in the indictment, that there was no misapprehension as to the name Warren. This was but bad handwriting.

It is contended the evidence does not show the want of consent of Warren. Upon an inspection of the statement of facts, this language is noted: "Now, I will ask you, Mr. Warren, if you gave this defendant permission to go in your house? A. No, sir. Q. Either that day or that night? A. No, sir; I never gave him permission to go in there at all. Q. Then if he went in there and took those things, he did so without your consent? A. Yes, sir." We think this is rather a clear statement that appellant did not have the consent of Warren. It is further contended that the evidence is not sufficient to show a breaking or to support the conviction against appellant. We are of opinion that this contention is not sustained by this record. Somebody entered the house, and the circumstances sufficiently excludes every reasonable hypothesis except that appellant was the guilty party. The house was entered during the absence of the owner; a trunk was rifled of its contents, and appellant was found wearing some of the clothing taken from the trunk, and when accosted with reference to the matter, was seen to take from his grip some of the goods that

were taken from the trunk, and shortly afterwards hid them by covering them up in or near a thicket where they were found, and appellant showed other evidence of guilt. No one saw appellant enter the house, but it was entered by some one and appellant was found in possession of property mentioned the next morning; he was in the neighborhood close by; in fact, only a short distance away at work when the owner left his house, and went to the town of Sabinal, and the next morning before anything had been mentioned to appellant about the burglary, he approached the owner and began denying having entered the house and taking the goods, and when asked for an investigation of his grip he broke and ran to it and took a razor and a hone out, and put them on in his pocket, and also took some under-shirts out and put them on and put his top shirt over them. These goods were taken from the trunk in the house. We think the testimony was ample, and that there is no such error in this case as would require a reversal of the judgment.

The judgment is affirmed.

*Affirmed.*