## WILL ROSE v. THE STATE.

No. 3877.    Decided November 20, 1907.

### 1.—Theft—Misdemeanor—Want of Consent—Constructive Possession.

Where upon trial for theft under the value of $50, the evidence showed that the prosecutor left the alleged stolen property in his pants' pocket, leaving the pants where the defendant was at work; that he afterwards missed his property, and part of the same was found in defendant's possession shortly afterwards, a charge of the court which instructed the jury that the alleged stolen property need not be taken from the actual possession of the owner, etc., was correct.

### 2.—Same—Description of Property.

Where upon trial for theft the evidence showed that a part of the property was fraudulently taken at the time of the theft of other property, the same was sufficient to sustain a conviction, although the property so found in defendant's

possession may not have been described in the indictment, where there could be no question that the theft of this property necessarily included the theft of the property alleged in the indictment.

Appeal from the County Court of Anderson. Tried below before the Hon. R. E. Erwin.

Appeal from a conviction of a misdemeanor theft; penalty, a fine of $25 and two days confinement in the county jail.

The opinion states the case.

*Weeks & Whitley,* for appellant.—On question of description of property: Wade v. State, 32 S. W. Rep., 772.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—This prosecution and conviction was for a misdemeanor theft, the punishment being assessed at $25 fine and two days in the county jail. The court gave the following charge: "You are further instructed the fraudulent taking in order to constitute theft, need not be the taking from the actual possession of the owner, but if taken without his consent when not in his actual custody with the intent to deprive him of the value thereof and to appropriate it to the use and benefit of the person taking would constitute theft."

This is an enunciation of a correct rule of law. The testimony shows that the alleged owner left his pocketbook in his pants' pocket in that part of the house where appellant was at work, going off forgetting it; or rather, perhaps to be more correct about the statement, it was left in the pocket of a pair of pants which he had left at the place where appellant was at work, to be repaired, or for some work to be done on them. The owner subsequently put on his pants and went out in town and missed his pocketbook, which contained about $5 in money and a drink check on the Buckhorn Saloon; he went back to the place and made inquiry for his property. Appellant denied any knowledge of it and a policeman was informed of the circumstances and a description of the property given; among other things a description of the drink check that was in the pocketbook when missed. The policeman went to the Buckhorn Saloon and inquired if anyone had recently paid in at that place a drink check. Being informed in the affirmative, the bartender placed before him the drink ticket that appellant had paid him, with several other drink tickets that he had on hand. This drink check was secured and identified by the owner as his property. The pocketbook and money were not recovered.

Under these circumstances, we think this charge was correct. The court may have even gone further and informed the jury that if the owner had left his pants at the place in question, containing the pocketbook with $5 in money and the drink check, and if appellant had found and taken from the pants' pocket said pocketbook with its contents, without the consent of the owner, the taking would be fraudulent and would

authorize a conviction. It is not necessary always, that the property shall be in the actual personal possession of the owner. A familiar illustration of this proposition is, that cattle and horses running on their accustomed range, are in the possession of the owner, as is lost property. We are not discussing a case where the title to the property is in possession of one party and the property held or controlled by another. Appellant moved in arrest of judgment, the contention being that at most the drink check alone was found and traced into his possession; and this being insufficiently described in the indictment, would not authorize the conviction of appellant for the theft of the money, or his conviction at all. For the purposes of this case, if it be conceded that the drink check was insufficiently described (see Patrick v. State, 50 Texas Crim. Rep., 496; 98 S. W. Rep., 840; and Wade v. State, 35 Texas Crim. Rep., 170; 32 S. W. Rep., 772), yet, if appellant was found in possession of the check, and this was shown without its even being alleged in the indictment, it might be sufficient to establish, under the circumstances in this record, that appellant had taken the pocket-book and all of its contents, and there is no question that the money was sufficiently described. If the drink check was traced to appellant's possession immediately after its loss, it would be very clear and cogent evidence of the fact that he took the pocketbook and all of its contents, for the check was in the pocketbook. There can be no question here that if appellant stole the drink check that he stole the pocketbook and all of its contents.

As the case is presented, we fail to find any such error as would require a reversal of the judgment and it is therefore affirmed.

*Affirmed.*

Henderson, Judge, absent.

[Motion for rehearing overruled without written opinion.—Reporter.]