### SAM POSTON v. THE STATE.

#### No. 425. Decided March 30, 1910.

**Theft—Variance—Description of Property.**

Where the indictment alleged the theft of one sack of walnuts, and the evidence showed that it was a sack of mixed nuts consisting of walnuts, almonds, hazelnuts, and niggertoes, the variance was fatal. Following Warrington v. State, 1 Texas Crim. App., 168, and other cases.

Appeal from the Criminal District Court of Harris. Tried below before the Hon. Norman G. Kittrell,

Appeal from a conviction of theft; penalty, a fine of $10 and ten days confinement in the county jail.

The opinion states the case.

*Brockman, Kahn & Williams* and *E. T. Branch,* for appellant.—On question of variance: State v. Cockfield, 15 Rich. Law, 316 (S. C.); McGee v. State, 4 Texas Crim. App., 625; Reg. v. Fox, Salop Sum. Ass. MS. C. S. G.; Rex v. Kittle, 3 Chit. Cr. L., 947; Young v. State, 55 Texas Crim. Rep., 383; State v. Harris, 3 Har., 559 (Del.).

*John A. Mobley,* Assistant Attorney-General, for the State.

McCORD, Judge.—Appellant was convicted of a petty theft, and his punishment assessed at a fine of $10 and ten days imprisonment in the county jail.

The indictment charged appellant with the theft of one sack of walnuts of the value of $5. The proof shows beyond controversy that it was a sack of mixed nuts, consisting of walnuts, almonds, hazelnuts and niggertoes. Motion for a new trial was made in the court below on the ground that the testimony did not support the allegations in the bill of indictment, and that there was a variance. We think this contention of appellant is correct. Warrington v. State, 1 Texas Crim. App., 168, we think, is decisive of the question here presented. In that opinion the following rule is laid down: "But no allegation, whether it be necessary or unnecessary, whether it be more or less particular, which is descriptive of the identity of that which is legally essential to the charge in the indictment, can ever be rejected as surplusage." And again, "Wherever there is a necessary allegation which can not be rejected, yet the pleader makes it unnecessarily minute in the way of description, the proof must satisfy the description as well as the main part, since one is essential to the identity of the other." See also to the same effect Jones v. State, 12 Texas Crim. App., 424; Holden v. State, 18 Texas Crim. App., 91; Wade v. State, 35 Texas Crim. Rep., 170. Under an indictment alleging the theft of a sack of walnuts, the same will not be supported by proof of mixed nuts. Had the pleader said a sack of nuts, or a sack of mixed nuts, it would have been sufficient. Having used the descriptive as to the character of nuts, the State would be bound by it. In the case of McGee v. State, 4 Texas Crim. App., 625, the indictment charged the theft of a pair of buckskin gloves, and this court held that this allegation would not be sustained by proof of theft of a pair of sheepskin gloves.

Because the proof does not sustain the allegation in the bill of indictment, the judgment is reversed and the cause remanded.

*Reversed and remanded.*