## J. F. Tucker v. The State.

### No. 596.   Decided May 11, 1910.

**Swindling—Descriptive Allegation—Insufficiency of the Evidence.**

Where, in a prosecution of swindling, the indictment alleged that the First National Bank of Stephenville was a private corporation, duly incorporated under the laws of the United States, it was incumbent upon the State to prove said allegation of incorporation, and the court erred in not giving a requested charge to this effect.

Appeal from the District Court of Erath.   Tried below before the Honorable W. J. Oxford.

Appeal from a conviction of swindling; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Carter & Thompson* and *J. B. Keith,* for appellant.—Cited cases in opinion.

*John A Mobley,* Assistant Attorney-General, for the State.

McCORD, Judge.—Appellant was indicted for swindling and his trial resulted in a conviction with a penalty of two years confinement in the penitentiary.

The indictment charged appellant with the unlawful acquisition of $250, lawful money of the United States, said money being then and there "the corporeal personal property of and belonging to the First National Bank of Stephenville, Texas, which bank was then and there a private corporation duly incorporated and chartered under and by virtue of the National Banking Laws of the United States, and H. H. Hardin was then and there the president of said bank and was then and there authorized to loan the money belonging to the said bank." On the trial of the case there was no proof offered that said bank was a corporation.   Hardin testified that he was president of the First National Bank of Stephenville, Texas; that said First National Bank had some business dealings with the appellant and he loaned him some money; that as such president of the bank all loans were made through him or upon his approval, and as such president he loaned the appellant some money, taking as security his growing crop of cotton and some animals; that the money he advanced was the property of the bank and that this occurred in Erath County.   Baxter Ator testified

59 Texas Criminal Reports. [May,

that he was now the cashier of the First National Bank of Stephenville, Texas, and was a bookkeeper in said bank at the time the money was loaned. Bennett testified that he was the cashier of the First National Bank of Stephenville, Texas, at the time the money was loaned. This is all the proof that the statement of facts discloses that was made on the trial of the case in regard to the First National Bank of Stephenville. There was no proof offered whatever that said First National Bank was a private corporation and was incorporated under the laws of the United States.

On the trial of the case after the court had submitted the case to the jury the appellant requested the following charge: "In the indictment in this cause the State has alleged that the First National Bank of Stephenville, Texas, is a private corporation duly incorporated under the laws of the United States, and that it is and was the defrauded and injured party; now, you are charged, that the law requires the State to prove the foregoing allegations, beyond a reasonable doubt, before you can convict the defendant, and the State having failed to make this proof, you will acquit the defendant." This charge was refused. In this we think the court was in error and for this reason the case will have to be reversed. It is elementary that descriptive averments in a bill of indictment must be proved. They may not be necessary, yet, where the pleader has seen fit to give the minute description of a thing, he is bound to make the proof as alleged. Mr. Greenleaf in his work on Evidence, volume 1, section 65, says: "If the averment is divisible, and enough is proved to constitute the offense charged, it is no variance, though the remaining allegations are not proved. Thus, an indictment for embezzling two bank notes of equal value is supported by proof of the embezzlement of one only. And in an indictment for obtaining money upon several false pretenses, it is sufficient to prove any material portion of them. But where a person or thing, necessary to be mentioned in an indictment, is described with unnecessary particularity, all the circumstances of the description must be proved; for they are all made essential to the identity. Thus, in an indictment for stealing a *black* horse, the animal is necessarily mentioned, but the color need not be stated; yet if it is stated, it is made descriptive of the particular animal stolen, and a variance in the proof of the color is fatal. So, in an indictment for stealing a bank note of such a denomination or value, yet, if the name of the officer who signed it be also stated, it must be strictly proved. . . . But where the matter, whether introductory or otherwise, is descriptive, it must be proved as laid, or the variance will be fatal. As, in an indictment for perjury in open court, the term of the court must be truly stated and strictly proved." In the case of Rhode Island v. Murphy, reported in the 16 Lawyers' Reports Annotated, p. 550, where Murphy was indicted for forgery and with passing the instru-

ment upon a corporation, to wit: the Pawtucket Steam & Gas Pipe Company, it was held that the testimony of Lloyd to the effect that he was employed by the Pawtucket Steam & Gas Pipe Company and giving the names of its president and treasurer, was no proof of its organization under its charter and held that the proof failed to show the organization of said company to do business under its charter, and continuing the court says: "It being necessary for the State to prove the organization of the company under said act in order to show that it had been defrauded as alleged in the indictment, and having failed to do so, the case was not made out and the defendant was entitled to an acquittal." In the case of the State v. Newland, 71 Am. Decisions, p. 444, the court held that where persons or things necessary to be mentioned in the indictment is described with unnecessary particularity all the circumstances of the description must be proved, and where an indictment for passing counterfeit bank bills alleges the bank is a corporation duly authorized by the State to issue bills, it is incumbent on the State to prove such allegation. We, therefore, hold that the indictment having alleged that the First National Bank of Stephenville was a private corporation, duly incorporated under the laws of the United States, it was incumbent upon the State to make this proof and that the court below erred in not giving the special charge requested by the defendant. This is the only point in the case that is deemed necessary to be considered.

For the error indicated the judgment will be reversed and the cause remanded, and it is accordingly so ordered.

*Reversed and remanded.*