### J. B. F. Robinson v. The State.

#### No. 168.    Decided December 21, 1910.

**Lottery—Tickets—Indictment—Proof—Variance.**

Where, upon trial of unlawfully establishing a lottery, the indictment alleged that the defendant issued tickets to parties who were to draw in the alleged lottery, and the evidence failed to show that any tickets were issued, the variance was fatal; as the allegation was descriptive and must be proved as alleged. Following Warrington v. State, 1 Texas Crim. App., 168, and other cases.

Appeal from the Criminal District Court of Galveston. Tried below before the Hon. E. R. Campbell.

Appeal from a conviction of establishing a lottery; penalty, a fine of $100.

The opinion states the case.

*Brockman, Kahn & Williams* and *E. T. Branch,* for appellant.— Cited cases in opinion.

*John A. Mobley,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—The indictment charged appellant with establishing a lottery. The charging part is as follows: "That J. B. F. Robinson . . . did unlawfully establish a lottery for the purpose of exposing personal property, to wit: twenty-six suits of clothes, to be by lot and chance of certain drawings, then and there being conducted by him, the said J. B. F. Robinson, to be disposed of and distributed to and among the persons who should become the purchasers of tickets therein, which said tickets were then and there issued by the said J. B. F. Robinson, in the form of membership contracts in a club, then and there instituted, organized and promoted by the said J. B. F. Robinson, which said membership

certificates or applications then and there entitled the holder thereof
to participate in said drawing, in which suits of clothes were then
and there disposed of and distributed by lot and chance." The second
count in the indictment sets out the form of a written application
used by the parties in soliciting membership in the club, or rather
the form of an application which was to induce the parties to engage
in drawing in the lottery or raffle. This count was held insufficient
by the trial court. There are several very interesting questions sug-
gested for revision, but under the view taken of the case we deem it
unnecessary to decide those questions.

It will be noticed that the indictment charged that appellant issued
tickets to parties who were to draw in the alleged lottery for the
suits of clothes. The evidence fails to show that any tickets were
issued. In fact, there were no tickets issued. The parties were to
pay a dollar a week, and when the first dollar was paid a receipt was
given. Subsequently, the dollar a week was collected by someone
supposed to be connected with the lottery, but no tickets were issued.
It is contended that this constitutes a variance between the allegation
and the evidence introduced to support such allegation. We are of
opinion this contention is correct. It may have been an unnecessary
allegation, but was descriptive, and being descriptive, must be proved
as alleged. See Meysenburg v. State, 71 S. W. Rep., 235; Blocker
v. State, 73 S. W. Rep., 955; Gray v. State, 11 Texas Crim. App.,
411; Warrington v. State, 1 Texas Crim. App., 168; Cameron v.
State, 9 Texas Crim. App., 332. Unnecessary descriptive averments
do not vitiate an indictment, but cast the burden upon the pleader
in the prosecution of proving such averments. Rogers v. State, 26
Texas Crim. App., 429; Martinez v. State, 51 Texas Crim. Rep., 585.

It has also been held that when a person, place or a thing neces-
sary to be mentioned in an indictment is described with unnecessary
particularity, all the circumstances of description must be proved,
and can not be rejected as surplusage, for by reason of the pleading
they are made essential to identity. See Meysenburg v. State, supra;
Blocker v. State, supra; Warrington v. State, supra; Rose v. State,
1 Texas Crim. App., 401; Ranjel v. State, 1 Texas Crim. App., 462;
Lunsford v. State, 1 Texas Crim. App., 448; Courtney v. State, 3
Texas Crim. App., 261; Meuly v. State, 3 Texas Crim. App., 383;
Collier v. State, 4 Texas Crim. App., 12; McGee v. State, 4 Texas
Crim. App., 625; Watson v. State, 5 Texas Crim. App., 27; Allen
v. State, 8 Texas Crim. App., 360; Moseley v. State, 9 Texas Crim.
App., 137; Cameron v. State, 9 Texas Crim. App., 332; Wallace v.
State, 10 Texas Crim. App., 269; Simpson v. State, 10 Texas Crim.
App., 681; Gerard v. State, 10 Texas Crim. App., 691; Gray v. State,
11 Texas Crim. App., 411; Davis v. State, 13 Texas Crim. App.,
215; Childers v. State, 16 Texas Crim. App., 527; Moore v. State,
20 Texas Crim. App., 275; Stiff v. State, 21 Texas Crim. App., 255;

Coleman v. State, 21 Texas Crim. App., 520; Withers v. State, 21 Texas Crim. App., 210; Loyd v. State, 22 Texas Crim. App., 649; McLaurine v. State, 28 Texas Crim. App., 530; Evans v. State, 40 S. W. Rep., 988; Ward v. State, 21 S. W. Rep., 250; Knight v. State, 49 S. W. Rep., 383; Neely v. State, 32 Texas Crim. Rep., 370; Hill v. State, 41 Texas, 253; Butts v. State, 47 Texas Crim. Rep., 494; Wade v. State, 52 Texas Crim. Rep., 619; McAllister v. State, 55 Texas Crim. Rep., 264; Snelling v. State, 57 Texas Crim. Rep., 416; Early v. State, 56 Texas Crim. Rep., 61; Melton v. State, 124 S. W. Rep., 910; Poston v. State, 58 Texas Crim. Rep., 583, 126 S. W. Rep., 1148; Tucker v. State, 59 Texas Crim. Rep., 291, 128 S. W. Rep., 617.

It has also been held that if money is unnecessarily described, the description must be proved as laid. Statum v. State, 9 Texas Crim. App., 273; Simpson v. State, 10 Texas Crim. App., 681; Childers v. State, 19 Texas Crim. App., 527; Gerard v. State, 10 Texas Crim. App., 690; Early v. State, 56 Texas Crim. Rep., 61; Snelling v. State, 57 Texas Crim. Rep., 416; Johnson v. State, 126 S. W. Rep., 597; Lancaster v. State, 9 Texas Crim. App., 393.

It has also been held if age, color, brand, or sex of an animal is unnecessarily alleged, the evidence must correspond with that allegation. Hill v. State, 41 Texas, 253; Lunsford v. State, 1 Texas Crim. App., 448; Ranjel v. State, 1 Texas Crim. App., 461; Courtney v. State, 3 Texas Crim. App., 257; Allen v. State, 8 Texas Crim. App., 360; Davis v. State, 13 Texas Crim. App., 219; Cameron v. State, supra; Gray v. State, supra; Ward v. State, 21 S. W. Rep., 250; Loyd v. State, 22 Texas Crim. App., 646.

It has also been held if a contract is unnecessarily described as *express,* the allegation will not be supported by proof of an *implied* contract. Meysenberg v. State, 71 S. W. Rep., 235.

If ownership be needlessly alleged, it must be proved as laid. Collier v. State, 4 Texas Crim. App., 12; McLaurine v. State, 28 Texas Crim. App., 530; Rose v. State, 1 Texas Crim. App., 401.

If an injured party is alleged to be a corporation, the evidence must support that allegation. Tucker v. State, 59 Texas Crim. Rep., 291, 128 S. W. Rep., 617.

If stolen property be unnecessarily described, the description must be proved as laid. Poston v. State, 58 Texas Crim. Rep., 583, 126 S. W. Rep., 1148; Coleman v. State, 21 Texas Crim. App., 520.

If the name, age or sex of an injured party be alleged, it must be proved. Wallace v. State, 10 Texas Crim. App., 255; Butts v. State, 47 Texas Crim. Rep., 494; Mosely v. State, 9 Texas Crim. App., 137.

Having alleged in the indictment that appellant issued tickets to those who were to draw at the lottery, as one of the means by which the lottery was carried on, it became a descriptive averment, and the evidence should have corresponded with the allegation. This was

a descriptive averment and the evidence must so show on the trial. Failure in this respect constitutes fatal variance.

For the reason indicated, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*

McCord, Judge, disqualified.