## GUILBEAU v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. March 31, 1923.)

No. 3912.

1. **Poisons** ⊚⟹9—**Evidence of sale of morphine hydrochloride variance from allegation of sale of morphine sulphate.**

In a prosecution for violation of Harrison Narcotic Law, § 2 (Comp. St. § 6287h), by the sale of morphine sulphate, evidence of the sale of morphine hydrochloride was a substantial variance, and such evidence was not sufficient to support a conviction of the offense charged in the indictment; the variance not being cured by Act Feb. 26, 1919 (Comp. St. Ann. Supp. 1919, § 1246).

2. **Indictment and information** ⊚⟹171—**Rule of variance, though technical, necessary to protection of rights of accused.**

The rule that a material variance between the evidence and the allegations of the indictment will not sustain a conviction, though technical, is sound, because based on the constitutional guaranty that an accused shall be informed of the nature and cause of the accusation against him.

3. **Criminal law** ⊚⟹371 (1, 12)—**Evidence of other offenses admissible only to show intent or motive.**

Evidence that an accused has committed another crime wholly independent of that for which he is on trial is irrelevant and inadmissible, and the exception to the rule recognized by the admission of such evidence to show intent or motive can have no application to a prosecution as for violation of the Harrison Narcotic Law (Comp. St. §§ 6287g–6287q), wherein the accused's motive or intent is wholly immaterial.

Walker, Circuit Judge, dissenting.

In Error to the District Court of the United States for the Eastern District of Louisiana; Rufus E. Foster, Judge.

Armide Guilbeau was convicted of violation of the Harrison Narcotic Law, and brings error. Reversed.

⊚⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Chandler C. Luzenberg, of New Orleans, La., for plaintiff in error.

L. H. Burns, U. S. Atty., and L. P. Bryant, Jr., Asst. U. S. Atty., both of New Orleans, La.

Before WALKER, BRYAN, and KING, Circuit Judges.

BRYAN, Circuit Judge. The defendant, Armide Guilbeau, was convicted upon one count of an indictment, under section 2 of the Harrison Narcotic Law (38 Stat. 785 [Comp. St. § 6287h]), charging her with the unlawful sale of "certain derivatives and salts of opium, to wit, four grains of morphine sulphate," upon evidence of an unlawful sale by her of four grains of morphine hydrochloride, The trial court refused to direct a verdict of acquittal, and charged the jury that the variance between the allegation and the proof was immaterial. These rulings are assigned as error.

[1] We are of opinion that the variance was material. Morphine is a derivative of opium. According to the evidence, morphine sulphate is a compound which contains morphine and sulphuric acid, while morphine hydrochloride is a compound which contains morphine and a radical combined with a chloride. The description of one of the compounds in which morphine is a constituent element excludes all other compounds, and must be proved as laid, even though the indictment might have used more general terms. United States v. Hardyman, 13 Pet. 176, 10 L. Ed. 113; Naftzger v. United States, 200 Fed. 494, 118 C. C. A. 598; 1 Bishop's New Criminal Procedure, § 488; 1 Wharton's Criminal Evidence, § 121; Fulford v. State, 50 Ga. 591; Robinson v. State, 60 Tex. Cr. R. 592, 132 S. W. 944. The averment is one of substance, Jin Fuey Moy v. United States, 254 U. S. 189, 41 Sup. Ct. 98, 65 L. Ed. 214; and the variance is not cured by the Act of February 26, 1919, 40 Stat. 1181 (Comp. St. Ann. Supp. 1919, § 1246), Ex parte Bain, 121 U. S. 1, 7 Sup. Ct. 781, 30 L. Ed. 849.

[2] The defendant was put on notice by the indictment that the charge against her was the unlawful sale of a particular compound, and a conviction cannot be sustained upon proof of a different compound than that charged. If the rule against a material variance be considered technical, yet it is sound, because it is based upon the constitutional guaranty that an accused shall be informed of the nature and cause of the accusation against him, and only by adhering to it can the danger of misleading a defendant be avoided.

[3] Evidence was admitted over objection to the effect that the defendant had made other sales of morphine not charged in the indictment, in violation of the statute, with reference to which the court charged the jury:

"That evidence was introduced, or permitted to be introduced, purely for the purpose of showing that there might be a business of selling morphine unlawfully or a system of doing business; so that, if you believe that these other sales were made, you might be more inclined to believe that the sale charged in the indictment had been made; but there can be no conviction predicated on those sales not shown in the indictment, even if you believe they had been made. That is merely evidence introduced by the government to show a system or to show a course of business."

This ruling and charge are also assigned as error. In our opinion, this evidence should not have been admitted, and the charge was erroneous; and we deem it proper to say so, inasmuch as the statute of limitations has not run against the offense sought to be proved, and a new indictment may be found charging the defendant with the unlawful sale of morphine hydrochloride. The general rule is that evidence that an accused has committed another crime, wholly independent of that for which he is on trial, is irrelevant and inadmissible. 16 Corpus Juris, 586. There is a well-recognized exception where motive or intent is involved. But that exception does not apply in this case, because the motive or intent with which one violates the Harrison Narcotic Law is wholly immaterial. The charge authorized the jury to consider the evidence of other sales by the defendant, for the purpose of showing a system of doing business, so that, if the jury believed that other sales had been made, they "might be more inclined to believe that the sale charged in the indictment had been made." But a system of criminal action is not admissible to prove an independent isolated offense, but only to show conspiracy, motive or intent, or to prove a charge which consists of a series of acts. 16 Corpus Juris, 591; 1 Wharton's Criminal Evidence, 59.

The judgment is reversed.

WALKER, Circuit Judge (dissenting). The plaintiff in error (herein called the defendant) was convicted under count 11 of the indictment, which charged that she, on the 6th day of December, 1921, at New Orleans, La., being then and there a retail dealer in opium and its derivatives, who had theretofore duly registered as such retail dealer and paid the special tax required of such dealers, did unlawfully, willfully, etc., sell, barter, exchange, and give away certain derivatives and salts of opium, to wit, four grains of morphine sulphate, to one Florence Havens, not in pursuance of a written order from the said Florence Havens on a form issued in blank for that purpose by the Commissioner of Internal Revenue of the United States. Florence Havens testified to the effect that at the time and place stated in the indictment she asked the defendant for $3 worth of morphine, handed the defendant $3, and the defendant handed to witness the morphine in a little package. A chemist who was a witness for the prosecution testified that he made an analysis of the contents of the above-mentioned package and found such contents to be morphine hydrochloride; that both morphine hydrochloride and morphine sulphate are quite soluble in water; that the difference between them is that morphine hydrochloride is a chloride with a radical combined with morphine, and morphine sulphate is sulphuric acid with a radical combined with morphine; both are salts and derivatives of opium. The court refused to give the following charge requested by the defendant:

"If you find from the evidence that the morphine which the witness Forence Havens claims to have purchased from the defendant was morphine hydrochloride and not morphine sulphate, then I charge you that there is a fatal variance between the evidence and the tenth and eleventh counts of the indictment."

"The purpose of the rule which requires that the allegations and the proofs must correspond, is that the opposite party may be fairly apprised of the specific nature of the questions involved in the issue. Formerly, the rule in that respect was applied with great strictness, but the modern decisions are more liberal and reasonable." Nash v. Towne, 5 Wall. 689, 18 L. Ed. 527. No variance ought ever to be regarded as material where the allegations and proof substantially correspond, or where the variance was not of a character that could have misled the defendant at the trial. Washington & Georgetown R. Co. v. Hickey, 166 U. S. 521, 17 Sup. Ct. 661, 41 L. Ed. 1101.

Under the above set out refused charge, a finding that what the defendant sold was morphine hydrochloride would require an acquittal, whether there was or was not any material difference between morphine hydrochloride and morphine sulphate, and though the variance was not of a character that, under the circumstances disclosed, could have misled the defendant. Count 11 informed the defendant that the charge it made was based upon an alleged transaction between the defendant, as a registered dealer in opium and its derivatives, and a named person, at a time and place stated. The testimony offered to support the charge was as to a sale of morphine to the person named at the time and place alleged. In legal effect the transaction charged was the same, whether what was sold or given was morphine hydrochloride or morphine sulphate. It may be inferred that a sale of morphine hydrochloride, equally with a sale of morphine sulphate, was a compliance with the offer of Florence Havens to buy morphine. The misdescription in the charge as made was as to an immaterial feature of the subject of the transaction upon which the prosecution was based.

At common law, though in charging homicide by poisoning it was necessary to allege the kind of poison administered, nevertheless proof of the use of a different kind of poison was regarded as an immaterial variance, for the kind of death is the same. Westmoreland v. United States, 155 U. S. 545, 549, 15 Sup. Ct. 243, 39 L. Ed. 255. The substance of the charge made was a forbidden sale or gift of a derivative of opium to a named person at a time and place stated. The words of the indictment, "certain derivatives and salts of opium, to wit, four grains of morphine sulphate," gave notice that that charge might be supported by evidence of a sale or gift of a derivative of opium other than the one named, as matter which is not essential in its nature may be laid under a videlicet, in which case it need not be proved as alleged. State v. Heck, 23 Minn. 549; 22 Cyc. 300. The conviction in this case could be pleaded in bar to a prosecution for selling morphine hydrochloride to the same person at the same time and place, as the identity of the transaction can be shown by parol. Bartell v. United States, 227 U. S. 427, 33 Sup. Ct. 383, 57 L. Ed. 583.

The writer thinks that the variance mentioned was as to an immaterial feature of the description of the subject of the alleged forbidden transaction, and that the defendant could not have been misled thereby, as the transaction upon which the charge was based was identified by the allegations as to time, place, and parties, and as to the subject of it being a derivative of opium, and in all material respects evidence ad-

duced corresponded with the allegations as to that transaction. Even if the refusal of the charge was a technical error the circumstances were such as to keep that error from being one affecting the substantial rights of the defendant, and it is not a ground of reversal. 40 Stat. 1181. The prosecution ought not to fail as a result of the circumstance that the offense proved differed in an immaterial respect from the one charged.