[No. 3869.]

## P. C. WITHERS *v.* THE STATE.

1. CONSTITUTIONAL LAW—SUBSTITUTION OF LOST INDICTMENT.—Article 434 of the Code of Criminal Procedure, authorizing the substitution of lost indictments, is constitutional, conflicting neither with the Fourteenth Amendment of the Constitution of the United States, nor with section 10 of the Bill of Rights of the Constitution of Texas.
2. EXHIBITING GAMING TABLES—INDICTMENT—EVIDENCE.—If an indictment contains a necessary allegation, which can not be rejected, yet the pleader makes it unnecessarily minute in the way of description, the proof must satisfy the description as well as the main part, since the one is essential to the identity of the other. Had the indictment in this case alleged simply that the gaming table was exhibited in Denton county, it would have sufficed to charge the offense. Having, however, unnecessarily charged that the table was exhibited in the "city of Denton," the State was bound to prove the allegation as laid. Such proof is not made by evidence that the table was exhibited "over Paschall's saloon, in Denton county."

APPEAL from the County Court of Denton. Tried below before the Hon. S. M. Bradley, County Judge.

The appellant in this case was convicted of the offense of exhibiting a gaming table, and his punishment was assessed at a fine of twenty-five dollars.

The opinion sufficiently discloses the case.

*Owsley & Walker,* for the appellant.

*J. H. Burts,* Assistant Attorney General, for the State.

WHITE, PRESIDING JUDGE. The first question to be determined in this case is as to whether or not Article 434 of the Code of Criminal Procedure, providing for the substitution of an indictment which has been lost, mislaid, etc., is in violation of the Fourteenth Amendment of the United States Constitution, and also of Article 1, Section 10, of the Bill of Rights of our State Constitution.

This question is suggested but not decided in Schultz v. The State, 15 Texas Court of Appeals, 258. In that case the original indictment was lost after the defendant had pleaded to it, and

when the loss was ascertained the district attorney suggested its loss, moved to substitute it, and the indictment was substituted. The reasoning of Chief Justice Brickell in Bradford's case, 54 Alabama, 230, is quoted at length, and it is said: "We think the reasoning of Chief Justice Brickell in Bradford's case is sound and unanswerable, and, in so far as that case holds that the indictment may be substituted after the defendant has pleaded to it, we fully endorse it. We hold, therefore, in the case before us, that the court did not err in permitting the lost indictment to be substituted." In the subsequent case of Gillespie v. The State, 16 Texas Court of Appeals, 641, the question is again raised, but still undecided, as to whether an indictment can be substituted at all *before* the trial.

In the case before us and now under consideration, the question is fairly and squarely presented. Appellant had not pleaded to the indictment before it was lost. After its loss the loss was suggested under the statute (Code Crim. Proc., Art. 434, *supra*), and a substitute for the same was made, and the defendant was required to go to trial under said substitute, over his objection that he could not legally be tried under the same.

In the case of The State v. Rivers, 58 Iowa, 102, we find a very able opinion by Rothrock, Judge, in which he elaborately discusses this identical question, reviewing all the leading authorities, including Ganaway v. The State, 22 Alabama, 772; Bradshaw v. The Commonwealth, 16 Gratt., Virginia, 507; The State v. Harrison, 10 Georgia, 542; Mount v. The State, 14 Ohio, 95; Buckner v. The State, 56 Indiana, 208; Bradford v. The State, 54 Alabama, 230; and The State v. Simpson, 67 Missouri, 647.

In Rivers's case, whilst the point decided was that, "when a defendant has been arraigned upon an indictment, and it is afterwards lost or abstracted, the court may, upon motion, substitute a copy and proceed upon the copy thus made, the same as upon the original indictment," the court indulges in these further reflections upon the main question, in connection with the review of the above authorities. It says: "It will be seen that in Ganaway v. The State, and The State v. Harrison, the power of substitution is denied, and in the other cases, while it may be said the question does not fairly arise, the power is affirmed. Both of the last named cases are based upon the same reasoning, which is, that the court, having no power to present or make an indictment, can not substitute a copy for one which is lost, and the question is treated the same as though it

involved the amendment of an indictment. Here, we think, is
the vice of the opinions in these cases. It is not a question of
the amendment, nor of the creation or presenting or making of
an indictment. Of course, it must be conceded that a court
can not amend an indictment by adding to, or striking out any
of its allegations. But the substitution of a lost record is an
entirely different thing. It can not be that a court must lose its
jurisdiction of a cause because part of the record has been lost
or abstracted. There is an inherent power in the court to pre-
serve and protect its jurisdiction when it has once attached, and,
to that end, we can see no good reason why it may not substi-
tute any of its records which may be lost, by properly authenti-
cated copies."

We are of opinion that this reasoning is conclusive, and that
the power to substitute a lost indictment would be inherent with-
out any statutory authority. The power to substitute a lost in-
dictment is recognized in 1 Bishop on Criminal Procedure (3 ed.),
section 1400. We do not think that Article 434 of the Code of
Criminal Procedure, allowing lost indictments to be substituted,
is in conflict with either the Fourteenth Amendment of the Con-
stitution of the United States, or of section 10, Article 1, of the
Bill of Rights of our State Constitution. The court, therefore,
did not err in allowing the indictment to be substituted, and in
requiring the defendant to go to trial thereon.

But we are of opinion that the judgment will have to be
reversed because the allegations in the indictment are unsus-
tained by the evidence. The charge, as alleged in the substitu-
ted indictment, is that P. C. Withers, etc., did then and there
keep and exhibit, for the purpose of gaming, a certain gaming
table, said gaming table *"being then and there kept and exhibited
in the city of Denton."* Two witnesses testify in the case, both
of whom say they saw the defendant dealing cards in Denton
county, over Paschall's saloon. Neither of them state that it
was in the city of Denton.

Now, it was unnecessary for the pleader to allege that this
gaming table was kept and exhibited in the city of Denton, but,
having so alleged it, the allegation restrains and limits the
offense so charged, and becomes a necessary part of the descrip-
tive identity of the offense. It can not be treated as surplusage.
The rule is that "no allegation, whether it be necessary or un-
necessary, whether it be more or less particular, which is descrip-
tive of the identity of that which is legally essential to the charge

in the indictment, can ever be rejected as surplusage." (3 Sumn., 15.)

"In still other words," says Mr. Bishop, "wherever there is a necessary allegation which can not be rejected, yet the pleader makes it unnecessarily minute in the way of description, the proof must satisfy the description as well as the main part, since the one is essential to the identity of the other." (1 Bish. Crim. Proc., sec. 485; Warrington v. The State, 1 Texas Ct. App., 168; Id., 400; 3 Texas Ct. App., 257; Id., 382; 5 Texas Ct. App,, 463; 7 Texas Ct. App., 382; 8 Texas Ct. App., 360; 10 Texas Ct. App., 681; 11 Texas Ct. App., 411; 12 Texas Ct. App., 424; and 16 Texas Ct. App., 524.)

Because there was no proof that the bank was kept and exhibited in the city of Denton, as alleged in the indictment, the evidence fails to sustain the conviction, and the judgment is reversed and the cause is remanded for a new trial.

*Reversed and remanded.*