## H. W. MELTON v. THE STATE.

### No. 355.   Decided January 26, 1910.

**1.—Gaming—Charge of Court—Betting Money—Chips.**

Upon trial for playing at a game of cards, where the indictment charged specifically that money was bet, the same was a descriptive averment requiring proof thereof, and it was reversible error to refuse a requested charge that the jury must find beyond a reasonable doubt from the evidence that defendant bet money at the game, and to submit a charge that chips represented money, to which exception was taken.

**2.—Same—Evidence—Remarks by Judge.**

Where upon trial for gaming the defense offered testimony to explain the difference between the games of pitch and poker played with cards, to which the State objected, it was improper for the court to remark that he did not think it was material but would permit the question to be asked and answered.

**3.—Same—Evidence—Absence of Witness.**

Where upon trial for gaming defendant's motion for continuance was overruled, there was no error in the court's ruling in excluding testimony why the witness for whose absence the continuance was asked was not present as a witness; this was a matter for the court and not for the jury

**4.—Same—Evidence—Value of Chips.**

Upon trial for gaming testimony of the market value of chips used in a game of cards was inadmissible; the value of the chips in the particular game to the players was not sought to be introduced in evidence.

**5.—Same—Evidence—Declaration of Third Parties.**

Upon trial for gaming it was error to admit in evidence the declaration of third parties made on the day before the offense with reference to the whereabouts of the poker players.

**6.—Same—Definition of a Bet—Charge of Court.**

Upon trial for playing at a game of cards where it was alleged that money was bet and the evidence showed that chips were used, etc., the court should have defined betting, as requested.

Appeal from the County Court of Montague.   Tried below before the Hon. A. W. Ritchie.

Appeal from a conviction of unlawfully playing at a game of cards; penalty, a fine of $25.

The opinion states the case.

*Speer & Weldon,* for appellant.—On question of remarks by judge: Chancey v. State, 50 Texas Crim. Rep., 85; 96 S. W. Rep., 12.

On the question of court's charge on chips and money: Chisum v. Chestnutt et al., 36 S. W. Rep., 758; Simpson v. State, 10 Texas Crim. App., 681; Gerard v. State, 10 Texas Crim. App., 690; Randle v. State, 12 Texas Crim. App., 250; Wisdom v. State, 49 Texas Crim. Rep., 534; 95 S. W. Rep., 505.

On the question of court's failure to define betting: Sterns v. State, 21 Texas, 692; Long v. State, 22 Texas Crim. App., 194; 2 S. W. Rep., 541.

*John A. Mobley,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—The information charged that appellant "did then and there unlawfully bet and wager money on and at a game of cards at the private residence of Bill Neece where people had resorted and assembled for the purpose of gaming, against the peace and dignity of the State."

The evidence discloses that appellant and a number of others were at the residence of Neece playing cards, and about two or three o'clock in the morning the officers went into the room where the game was in progress, watched the game a while, and went away without making any arrest.   It is shown by the evidence for both sides that what is commonly called poker chips were in evidence on the table around which the players sat, and that one of the parties in the game had about five dollars in silver in front of him, and that another one of the parties requested the loan of a dollar from one of the officers.   The officers stated they did not see any money bet.   All the other witnesses stated that there was no money or any other thing of value bet during the game, that they were playing for amusement, and used chips to show the standing of the parties in the game, which was poker.   It is further shown that Neece, the owner of the house, had bought these chips sometime before the present gaming law went into effect, and that he had them at his residence, and that since the present law went into effect they were practically valueless.

1.   Under this state of case the court charged the jury if they should find beyond a reasonable doubt that appellant bet at a game of cards on or about the time alleged in the information, they would find him guilty and assess his punishment at not less than ten nor more than fifty dollars; and further charged the law of circumstantial evidence. At the request of the county attorney the court gave the following

charge: "You are charged that if the defendant bet poker chips on the game in question, and that said chips represented money then the defendant would be guilty of betting money the same as if the money was put up or bet." Exception was reserved to these charges, and counter charges were asked to the effect that unless the jury believe beyond a reasonable doubt that defendant did bet money on a game of cards at the time and place charged, they should acquit; that it was not sufficient to warrant a conviction that the defendant bet any other article than money. Another charge was asked by appellant, as follows: "The legal definition of the term 'bet' is the mutual agreement and tender of a gift of something valuable which is to belong to one or the other of the contending parties, according to the result of the trial of skill or chance, or both combined. And in this connection I charge you that the defendant in this case stands charged with having bet money at a game of cards, and unless you find and believe from the evidence, beyond a reasonable doubt, that he bet money at a game of cards as the term is herein defined, you will acquit the defendant." This was refused, and exception taken to the refusal of both charges. We are of opinion that the charge asked by the county attorney was error, and those requested by appellant should have been given. It was not necessary to charge in the information that money was bet; it would have been sufficient to have charged generally that appellant bet at a game of cards, and this is the usual way in which such averments are made. But the pleader saw proper to charge specifically that money was bet. This was a descriptive averment and necessary to be proved. This was the State's case averred in the pleadings. Wherever descriptive averments are set forth in an indictment or information, although they may be unnecessary, yet being descriptive, the evidence must correspond with such averments, otherwise there is a variance. We are of opinion, therefore, that these instructions of appellant are correct.

2. While the witness Neece was testifying in behalf of appellant, he was asked to explain the difference between the games of pitch and poker played with cards, there being some testimony that the parties present engaged in the game had played pitch with cards. The county attorney objected and the court remarked in the presence of the jury that he did not think it was material but would permit the question to be asked and answered, to which remark by the court appellant objected, and upon objection being made the court further remarked, in the presence of the jury, that if defendant's counsel was not satisfied with his ruling he would sustain the State's objection and not permit the question to be asked nor the answer given. Several grounds of objection were stated. Had the witness been permitted to answer, his testimony would have been that the game called pitch is one played with cards, and one which is commonly indulged in at social gatherings, and that the game of pitch as well as poker were played at different times during the evening at his house. In view of another trial, we would call attention of the trial court to the statute which prohibits the court com-

menting upon the evidence in his rulings, under the circumstances stated; that the court, under such circumstances, has been required by the Legislature simply to make his rulings without comment as to what the effect of the testimony would be or as to his belief or opinion as to what it would be. Such questions and matters of this sort should not be permitted to occur upon the trial of a case in the face of statutory inhibition.

3. While the witness Van Horn was testifying in behalf of defendant, appellant's counsel asked him why the witness John Mershon was not present as a witness. An objection by the county attorney to this question was sustained. The witness would have answered had he been permitted to do so, that he was intimately acquainted with John Mershon and that he, Mershon, was present and witnessed the game in which the defendant is charged to have bet, and the reason that said John Mershon was not present in court was because of the anticipated sickness of his, Mershon's wife. The court excluded this on the objection of State's counsel. In this there was no error. It may be stated in this connection that in another bill of exception it was shown that application for continuance was made on account of the absence of Mershon, which application is also embodied in the record. In the bill of exceptions and in application for continuance it is stated that Mrs. Mershon was sick and expecting hourly to be confined. The absence of Mershon under the circumstances as stated in the bill of exceptions was not a matter to go before the jury. It was a matter entirely for the action of the court in sustaining or overruling the application for continuance with which the jury had no concern. This is the general rule, and there are no facts shown that would authorize the introduction of the matter set forth in the bill of exceptions. It was not brought into trial so far as the bill of exceptions shows in a manner that would require the defendant or authorize him to explain the absence of Mershon. Therefore, there was no error in this ruling of the court. This question has been before the court in previous cases.

4. The witness Neece, testifying for defendant on cross-examination, was asked by the county attorney, and was compelled to answer, as to the value of the chips which were used in the game in which appellant is charged with having bet, and his answer was, the whole sack of chips was one he had had for several years and was worth several dollars when he purchased them, but was worth very little at the time of the game. Without going further into the bill of exceptions, we are of opinion that as this matter is presented, it was irrelevant. The object of the question was to prove not the value of the chips in the particular game to the players but what they were worth in the market and what their original cost was. Witness stated what he paid for them when he purchased the same, but that they had ceased to be valuable on account of the present gaming laws. Had the testimony been directed to the value of the chips as used in the game and their value in the game to the players, we would have had an entirely different proposition, but the

evidence elicited from the witness was not directed to this particular point, but to their market value.

5. Another bill of exceptions recites that while the witness Ezra Williamson was testifying in behalf of the defendant, the county attorney, on cross-examination, asked him if one Van Horn did not ask certain parties in Bowie, in witness' presence, on the day before the offense is alleged to have been committed the following question: "Where are your poker players?" and that the parties to whom the question was asked answered they did not know. Objection was urged to this because it was a matter occurring between third parties in the absence of the defendant, and not in any way binding upon him, and that appellant knew nothing about it and could not be bound by the question and answer occurring between these parties in his absence. This point, we think, is also well taken.

Appellant's application for a continuance was overruled. As the case is disposed of in the opinion, it is unnecessary to notice or discuss the application for continuance, and it may not occur upon another trial; in fact, the witness may be present, or his attendance may be secured.

For the errors pointed out the judgment is reversed and the cause is remanded.

*Reversed and remanded.*