ERNEST SMITH V. THE STATE.

No. 10026.   Delivered June 6, 1927.

Rehearing denied October 12, 1927.

**1.—Gaming—Allegation and Proof—Variance Fatal.**

Where an information charged appellant with betting and wagering at a game called craps, *within the corporate limits of the city of Wichita Falls,* and the state failed to prove that such betting and wagering was done within the corporate limits of Wichita Falls, this variance was fatal.

**2.—Same—Continued.**

Where an allegation in an information or indictment, which is descriptive of the identity of the offense, whether necessary or unnecessary, it cannot be rejected as surplusage, and must be proven as alleged.   Following McAlister v. State, 110 S. W. 583, and other cases cited.

ON REHEARING BY STATE.

**3.—Same—No Error Shown.**

On rehearing by the state, we see no reason for changing our announcement in our original opinion.   The cases of Withers, McAlister and White v. State, which are cited in the original opinion, are thought to be directly in point and against the state's contention, and the motion for rehearing is overruled.

Appeal from the County Court of Wichita County at Law. Tried below before the Hon. C. M. McFarland, Judge.

Appeal from a conviction for gaming, penalty a fine of ten dollars.

The opinion states the case.

*Mathis & Caldwell* of Wichita Falls, for appellant.   On variance between allegation and proof, appellant cites:   McAllester v. State, 116 S. W. 582; White v. State, 198 S. W. 964; Milton v. State, 124 S. W. 910; Tucker v. State, 128 S. W. 617; Poston v. State, 126 S. W. 1148.

*Sam D. Stinson*, State's Attorney, and *Robert M. Lyles*, Assistant State's Attorney, for the State.

BAKER, JUDGE.—The offense is gaming, and the punishment is a fine of ten dollars.

The information charges that the appellant, on or about the 6th day of September, 1925, and before the filing and making of this information, in the County of Wichita and State of Texas, did then and there unlawfully within the corporate limits of the city of Wichita Falls bet and wager at a game called craps, said game being then and there played with dice.

The evidence wholly fails to show that the gaming took place in the corporate limits of the city of Wichita Falls and appellant makes the contention that the allegations and proof do not correspond. It was clearly unnecessary to allege in the information that the game took place within the corporate limits of the city of Wichita Falls, and without this allegation the information would have been sufficient. Yet, under the decisions of this court and the law generally, it would seem to follow that the state was bound by the allegation of the place where the game in question was played. It was descriptive of the identity of the place where the game was played. Withers v. State, 21 Tex. Crim. App. 210, 17 S. W. 725; McAlister v. State, 116 S. W. 583; White v. State, 198 S. W. 964; Melton v. State, 124 S. W. 910; Robinson v. State, 132 S. W. 944; Tucker v. State, 128 S. W. 617; Poston v. State, 126 S. W. 1148; Corpus Juris, Vol. 31, p. 841.

The above cases are authority for the proposition that no allegation, whether it be necessary or unnecessary, which is descriptive of the identity of what is legally essential to the charge in the indictment can be rejected as surplusage, and where a person, place or thing necessary to be mentioned in an indictment is described with unnecessary particularity all the circumstances of description must be proved and cannot be rejected as surplusage. The McAlister case, supra, seems to have been decided on a statement of facts peculiarly similar to that in the instant case. In that case the information charged that a game of cards was played at a place not then and there a private residence occupied by a family, to-wit, in the woods, on Sunday night, December 8, 1907. This court, speaking through Judge Ramsey, said:

"While it has been held that mere surplusage will not vitiate an indictment and need not be established in proof, and only the material facts which constitute the offense charged must be

stated in the indictment and supported by the evidence, and that while ordinarily allegations not essential and which might be entirely omitted without affecting the charge against the defendant and without detriment to the indictment will be considered as mere surplusage, and may be disregarded in evidence, it has been uniformly held that no allegation, whether it be necessary or unnecessary, whether it be more or less particular, which is descriptive of the identity of that which is legally essential to the charge in the indictment, can ever be rejected as surplusage. Harrington v. State, 1 Tex. App. 173. This rule is bottomed on the principle that, having advised appellant in the charge against him of the particular details of the offense charged, this is notice to him of the particular facts, or the particular place and occasion, when and where the offense alleged was committed. In this case the allegation is that on a particular day, to-wit, Sunday, December 8, 1907, he played at a game in the woods. He is thus notified, not only of the date, but in a general way of the surroundings where the offense was committed. Should the state in this kind of a case be permitted, when the defendant has made his defense with reference to a game charged to be played in the woods, to show that in fact the game was played on a public highway, in a saloon or in a storehouse or a place wholly unlike that charged in the indictment? We think not."

There are other matters complained of in this record, but we think the bills of exception seeking to preserve them are not in such condition as to warrant their review.

Because the proof does not meet the allegations contained in the indictment, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING BY STATE.

HAWKINS, JUDGE.—We have carefully examined the state's motion for rehearing. The cases of Withers, McAlister and White, which are cited in our original opinion, are thought to be directly in point and decisive against the state's contention.

The motion for rehearing is overruled.

*Overruled.*