### WESLEY MAPLES V. THE STATE.

No. 15995.   Delivered June 7, 1933.
Rehearing Granted October 18, 1933.
Reported in 63 S. W. (2d) 855.

The opinion states the case.

*A. C. Chrisman,* of Hillsboro, and *Myres & Pressly,* of Fort Worth, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—Theft, a felony, is the offense; penalty assessed at confinement in the penitentiary for two years.

The following is a summary of the facts: On the 8th day of May, 1932, the store of I. M. Johnson at Kopperl, Texas, was burglarized. In the store there was a general stock of dry goods, groceries, hardware, etc. The witness G. C. Lain was an employee of Johnson. Johnson did the buying of the dry goods and Lain did the buying of the groceries and hardware. There were missing from the store some shoes, work pants, ladies' underwear, dry goods in bolt and piece goods, men's underwear, shirts, hose and hose supporters, totaling in value between seventy-five and ninety dollars.

After the burglary, officers Rice and Booth, possessed of a search warrant, searched the home of C. V. Finn, who was a cousin of the appellant, and at whose house appellant made his home as one of the family. From Finn's testimony it appears that the appellant was absent from home on the night of May 7, 1932, but returned between four and five o'clock in the morning. Appellant had one room and the remainder of the house was occupied by Finn and his family. In the appellant's room Finn discovered a number of articles, including pants, shirts, dress goods, shoes, step-ins, socks, ladies' and men's underclothes, etc. Explaining to Finn the presence of the articles, appellant said that he had won them in a "crap" game. The articles were taken by the sheriff. Finn was under indictment for concealing stolen property. The articles were all in the appellant's room when first observed by Finn. However, according to the testimony, part of the articles were given to Finn by the appellant. They were returned to the officers.

Adverting to the testimony of Lain, he stated that part of the stolen goods were recovered. He identified part of the goods found in possession of the appellant as the stolen property. Appellant assisted in finding some of the goods that were hidden behind a trunk. Some of the goods were worn by the appellant at the time they were recognized by Lain as the stolen property. The value of the goods recovered was about seventy-five dollars. However, the goods missed amounted to considerably more than that sum.

It was conceded that Johnson would have testified that the store was broken into and the goods taken without his consent.

There were several pairs of shoes of the same make and brand as those lost from the store, but they had no marks on

them that would enable Lain to differentiate them from other shoes of the same kind. Appellant claimed that he had bought the shoes.

A discussion of that part of the appellant's brief relating to the search warrant is pretermitted for the reason that the bills of exception raising that question cannot be considered. The court allowed eighty days for the filing of the bills of exception and they were not filed until ninety days after the overruling of the motion for new trial. However, they have been read in connection with the evidence in the case. The opinion is entertained that the bills reveal no error.

The sufficiency of the corroboration of the accomplice Finn is challenged, citing Rubio v. State, 50 S. W. (2d) 294; Hamilton v. State, 55 S. W. (2d) 820; Russell v. State, 218 S. W., 1049; McGee v. State, 4 Texas App., 625; Poston v. State, 126 S. W., 1148; Coleman v. State, 21 Texas App., 520; Branch's Cr. Law, sec. 331. The evidence clearly distinguishes the present case from that of Russell v. State, 218 S. W., 1050, particularly in the fact that the proof here makes certain that at least a part of the stolen property was in possession of the accused and under his exclusive control.

Appellant advances the theory that proof by the state of his claim that he had won the goods in a "crap" game is binding upon the state, citing Pharr v. State, 7 Texas App., 472; Daniel v. State, 60 Texas Crim. Rep., 515.

Without discussing the evidence or the authorities cited in detail, we are constrained to conclude that they are sufficient to support the verdict of conviction. Proof of the burglary was definite. The identity of the goods, at least all of them except the shoes, was certain. Part of them, at least, were in possession of the appellant soon after the burglary. According to the accomplice Finn, all of the stolen property was in possession of the appellant.

Deeming the evidence sufficient and perceiving no error in the record, the judgment is affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant seeks a rehearing, urging that the testimony appearing in the record is both variant from the averments in the indictment, and is insufficient to support a conviction for felony. Examining the record, we have concluded that the motion must be sustained.

It is charged in the indictment that appellant stole "Eight pairs of Brown shoes of the value of twenty-eight dollars; one

dozen pairs of blue Western Belt pants of the value of eighteen dollars; one-half dozen Remington Brand pocket knives worth six dollars; six bolts dress goods worth in the aggregate the sum of thirty dollars; tobacco and snuff of the value of six dollars." We have carefully gone over the testimony of the various witnesses, and wholly fail to find any testimony that any "Brown shoes," so called because made by Brown,—or any brown shoes, so called because of their color,—were either lost by Mr. Johnson or found in appellant's possession. The averment and proof fail to correspond as to the shoes alleged to have been stolen. We do not find any testimony that any "Blue Western Belt pants," were lost or found in appellant's possession. There is a variance between the allegation and proof as to the pants. We fail to find any testimony that any "Remington knives" were lost by Mr. Johnson, or recovered from appellant. The remainder of the property claimed to have been lost, as is manifest from the record, wholly fails to measure up to the value required in order to constitute the offense of taking same a felony. The bolts of dress goods, alleged in the indictment to be worth an aggregate of thirty dollars, appears from the testimony to be of the aggregate value of six or six and one-half dollars.

In section 498, Mr. Branch's Annotated P. C., are cited probably one hundred authorities laying down what is regarded as a well settled principle of law in this state, namely: When a person, place or thing necessary to be mentioned in an indictment is described with unnecessary particularity, all the circumstances of description must be proved and can not be rejected as surplusage, for they are thus made essential to the identity. Among the cases are Butts v. State, 47 Texas Crim. Rep., 494; Neely v. State, 32 Texas Crim. Rep., 370, etc. The doctrine is too well settled and recognized in this state to need further citation of authorities.

For the reasons above set forth the motion for rehearing is granted, the judgment of affirmance is set aside, and the judgment of the trial court will now be reversed and the cause remanded.

*Reversed and remanded.*