A. E. JACOBS v. THE STATE.

No. 17948. Delivered February 19, 1936.

The opinion states the case.

*J. E. Garland,* of Lamesa, and *Horace C. Bishop,* of Dallas, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for unlawfully plating a bale of cotton; punishment, a fine of $350.00.

The facts show that appellant and his wife were the chief stockholders in a corporation engaged in the business of ginning cotton. Appellant was giving his personal time, attention and supervision to the conduct of said business. According to the testimony of a witness, appellant agreed with said witness to rebuild for him a number of light weight bales of cotton, the apparent purpose of said rebuilding being to enable the witness to secure a government loan upon the cotton. From the record it is shown that thirteen bales of said cotton were rejected or turned down, but later ten of said thirteen bales were accepted by another office of the government and a loan placed against them. The remaining three built-up bales seems to have been sold, and one of them enters into the prosecution of this case.

The indictment charged appellant with unlawfully, and with intent to deceive, plating a certain bale of cotton, referred to with definiteness enough to identify it, by then and there wilfully and knowingly placing on the outside of said bale a grade and quality of cotton known as middling bright cotton, with a staple of 29/32 of an inch; the grade on the inside of said bale being a grade and quality of low middling with a staple of 13/16 of an inch; said cotton so placed on the outside of said bale being of a better grade and quality than that on the inside of said bale; and that this was done for the purpose of deceiving persons dealing therewith, and for the purpose of making said bale of cotton appear to be a better grade and quality than it actually was.

Appellant moved for an instructed verdict at the close of the testimony on the ground that there was a variance between the allegation and proof as to the kind and quality of cotton used in the false plating of said bale. We have set out above the description of same in the indictment. Looking to the proof, we find three witnesses who gave testimony on the point. One, a Mr. McBride, testified that he worked in the gin of which appellant was apparently the manager at about the time of this alleged plating, and that at appellant's direction he rebuilt the bale of cotton in question. He testified that he had taken a sample from one side of said bale which he would class as strictly low middling of 15/16 inch staple; another sample taken from the opposite side of the bale he would class the same; a third sample taken from the center of the bale he classed as strict low tinge, not good ordinary value, and one from the opposite side of the center about the same. The next witness, Mr. Bass, after qualifying, testified as follows: "The sample of cotton you hand me is middling bright and the staple is 15/16 inch. This next batch of cotton you hand me is spotted colored cotton; there is no difference in these two batches you have just handed me; the staple is weak; strict low middling spot, heavy spot, shy seven-eighths, the grade is strict low middling, heavy spot; the staple is toppy; it is not 13/16 inch or seven-eighths inch, but just between." Mr. Ryan, the next witness, after qualifying, testified: "These batches of samples of cotton you hand me I will say is a middling bale of cotton; I would call about middling spotted bale, or strict low spotted; right over here is a little bit worse."

We have looked in vain for testimony identifying the samples shown Bass and Ryan as having come from the alleged plated bale, but have found no such testimony. It is manifest by casual comparison of the testimony given with the averments as to the kind and quality of the samples of the alleged plated bale that they do not correspond, even if the witnesses had sworn that the samples of cotton passed upon them by them had been taken out of the alleged plated bale.

One of the best settled rules of practice in this State is that if things necessary to be described in an indictment are set out with unnecessary particularity, the descriptives must be proven as alleged. Authorities almost without number might be cited. Maples v. State, 63 S. W. (2d) 855, is one of the late decisions and cites others. It is unfortunate that the attorney for the State saw fit to set out the exact grade and class of the two grades of cotton used. If, with intent to

deceive, one plate a bale of cotton, putting higher grade cotton on the outside and lower grade on the inside, he would be guilty.

We are not in accord with appellant's complaint that the proof failed to show him a ginner. We think to the contrary, even though the actual owner of the gin was a corporation. We cannot indict corporations under our criminal statutes; they always act through individuals, and we think the proof in this case shows appellant to be a ginner.

Because of the alleged variance between the allegation and proof we are of opinion the judgment must be reversed and the cause remanded, and it is accordingly so ordered.

*Reversed and remanded.*