Gari Lynne McMILLAN, Appellant,

v.

STATE of Texas, Appellee.

No. 11–86–256–CR.

Court of Appeals of Texas,
Eastland.

June 30, 1988.

Stan Brown, Brown and Kennedy, Abilene, for appellant.

James Eidson, Criminal Dist. Atty., Abilene, for appellee.

## OPINION

ARNOT, Justice.

The jury found Gari Lynne McMillan, appellant, guilty of the offense of theft, assessed punishment at confinement for five years and a fine of $2,250, and recommended probation of the confinement.

Appellant urges there was insufficient evidence to sustain the jury's verdict

that she was guilty of theft. In reviewing the sufficiency of the evidence, an appellate court is required to look at the evidence in the light most favorable to the verdict to determine if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Dunn v. State*, 721 S.W.2d 325 (Tex.Cr.App.1986); *Chambers v. State*, 711 S.W.2d 240 (Tex.Cr.App.1986); *Houston v. State*, 663 S.W.2d 455 (Tex.Cr.App.1984). In applying the standard to circumstantial evidence cases, the courts employ a process of elimination to determine whether the evidence excludes all other reasonable hypotheses of appellant's guilt. If the evidence supports an inference other than the guilt of appellant, a finding of guilty beyond a reasonable doubt is not a rational finding. *Denby v. State*, 654 S.W.2d 457 (Tex.Cr.App.1983).

Appellant and her husband were both indicted for the theft of Mrs. Nita Neyland's diamond. They were tried jointly, and the jury was instructed on the law of parties. Appellant and her husband were both convicted of the offense.

Mrs. Neyland and Mrs. Avalene Briscoe are sisters. Mr. and Mrs. Paul Neyland stay with Mr. and Mrs. R.C. Briscoe each New Year's Day and watch football bowl games and visit. On the day of the incident, Mrs. Neyland had dressed casually, leaving her jewelry on a dressing table in the bedroom. Her jewelry included a pendant which held a diamond which had originally been mounted in Mrs. Neyland's wedding ring. That day, she and Mrs. Briscoe ran several errands. They took dinner to Mr. Briscoe's nephew who was ill in bed, and they went to a grocery store. Mr. Briscoe and Mr. Neyland watched football games and never left the Briscoes' house that day. Other than the Neylands, appellant, and her husband, no one else visited the Briscoe home the day the loss occurred. Mrs. Neyland testified she last saw her jewelry about 3:00 p.m. after returning from the errands.

Appellant and her husband were driving from La Grange to Lubbock on New Year's Day. They stopped at the Briscoes' home.

Mr. Briscoe is a great-uncle of appellant's husband. Appellant and her husband arrived late in the afternoon and immediately went to the bathroom. To get to the bathroom, they went through the bedroom where the Neylands were staying and where the jewelry had been left.

Afterwards, appellant's husband went to the den to watch football games with Mr. Briscoe and Mr. Neyland. Appellant went to the kitchen to visit with the ladies. Appellant and her husband were invited to stay for dinner. After dinner, they left for Lubbock. Before leaving, appellant, who was five months pregnant, again went to use the bathroom. Mrs. Neyland observed that appellant acted "nervous" before leaving. Mrs. Briscoe noticed that appellant seemed "real jittery." Three or four minutes after the couple's departure, Mrs. Neyland went to her bedroom where she discovered her diamond was missing. The pendant remained on the dressing table along with other jewelry of Mrs. Neyland, but the diamond was gone. She searched the floor to see if the stone could have fallen out. A jeweler who examined the pendant stated that the mounting appeared to have been pried open. The diamond was never located.

█ Appellant argues that mere presence in the vicinity of a crime is not alone sufficient to sustain a conviction, urging as authority *Allen v. State*, 686 S.W.2d 685 (Tex.App.—San Antonio 1985, no pet'n); and *King v. State*, 712 S.W.2d 799 (Tex.App.—Houston [1st Dist.] 1986, pet'n ref'd). We disagree that these cases are controlling.

In *King*, the complainant, a heavy social drinker, passed out at his home in the presence of the defendant, a woman acquaintance he had met in a bar. Sleeping for 15 hours, he awoke to find the defendant and many of his personal possessions gone. When located, defendant cooperated with the police and was never found in possession of any of complainant's property. The only property retrieved was a camera and video recorder later found by the complainant at his place of business. Unlike the case before us, the evidence in

*King* did not show that only the defendant could have had access to the victim's house, jewelry, car, and billfold during the 15 hours. The court found that the 15–hour time period was sufficient to allow for the intervening acts of third parties.

In *Allen,* defendant detained the victim, a convenience store clerk, in a walk-in cooler while a compatriot went behind the counter and apparently took the contents of the victim's purse. Because the defendant and his compatriot were not the only customers to visit the store and to have access to the victim's purse, the court held that the circumstantial evidence was insufficient to support the conviction.

In the case before us, the appellant and her husband alone had access to the bedroom where the jewelry was. Although appellant and her husband each denied taking the diamond, no one else was present in the house on New Year's Day other than the appellant and her husband, the owners of the house, and the victim and her husband. Mrs. Neyland last saw her jewelry about 3:00 p.m. and noticed the diamond missing within minutes of the departure of appellant and her husband. No one other than appellant and her husband entered the bedroom between the time the diamond was last seen and when it was discovered missing. Appellant's behavior changed after her last trip to the bathroom.

Looking at the evidence in the light most favorable to the prosecution, we find that a rational trier of fact could have found appellant guilty beyond a reasonable doubt under the law of parties. Appellant's first point of error is overruled.

Appellant and her husband were indicted for theft of "a one (1) carat diamond." As her next point, appellant contends that the State failed in its burden to prove this descriptive averment in the indictment. We agree.

The general rules governing the proof of descriptive averments are set out in *Burrell v. State,* 526 S.W.2d 799 (Tex.Cr.App. 1975):

It is well settled that "[a]llegations not essential to constitute the offense, and which might be entirely omitted without

affecting the charge against the defendant, and without detriment to the indictment are treated as mere surplusage, and may be entirely disregarded." 1 Branch's Ann.P.C., 2d ed., Sec. 517, p. 497 (1956). Stated another way, it may be said that if not descriptive of that which is legally essential to the validity of the indictment, information or complaint, unnecessary words or allegations may be rejected as surplusage. [See *Collins v. State,* 500 S.W.2d 168 (Tex.Cr. App.1973)]

\* \* \* \* \* \*

There is, however, a well recognized exception to the general rule discussed above, and that is *where the unnecessary matter is descriptive of that which is legally essential to charge a crime it must be proven as alleged, even though needlessly stated.* See 13 Texas Law Review 489 (note); 1 Branch's Ann.P.C., 2d ed., Sec. 518, pp. 491–498, and cases there cited. (Emphasis added)

It is well established that where a person, place or thing necessary to be mentioned in the indictment is described with unnecessary particularity, all circumstances of description must be proven, *Smith v. State,* 107 Tex.Cr.R. 511, 298 S.W. 286 (1927), and cannot be rejected as surplusage, for they are thus made essential to the identity. *Maples v. State,* 124 Tex.Cr.R. 478, 63 S.W.2d 855 (1933). Thus, if the pleader makes unnecessary allegations descriptive of the identity of the offense charged, it is incumbent upon the State to establish such allegations by evidence. *McClure v. State,* 163 Tex.Cr.R. 650, 296 S.W.2d 263 (1956).

The weight of the diamond is a descriptive averment and, since pled, must be proved and cannot be treated as surplusage.

The question before us is whether Mrs. Neyland, as a lay witness, is competent to give her opinion as to the weight of the diamond. We must examine the evidence in this case concerning the weight of the unrecovered stolen diamond. Mr. Neyland

testified he bought the diamond as an engagement ring for his wife. Mrs. Neyland testified she owned the diamond for 37 years. When she described the stone as a diamond and the weight as one carat, trial counsel objected based upon hearsay. Upon cross-examination, Mrs. Neyland admitted that she had never weighed the diamond and that her opinion as to its size was based upon what others had told her or had appraised it. A jeweler testified that it was impossible for the naked eye to determine the weight of the diamond.

■ The opinions of lay witnesses, when competent, are admissible concerning estimates of age, size, quality, time, and estimates of distance and speed. The competency of a witness is established if he has the requisite personal knowledge of the subject matter. See TEX.R.CRIM.EVID. 701; *Cass v. State,* 676 S.W.2d 589 (Tex.Cr. App.1984); *Denham v. State,* 574 S.W.2d 129 (Tex.Cr.App.1978); 2 R. RAY, TEXAS LAW OF EVIDENCE CIVIL AND CRIMINAL sec. 1436 (Texas Practice Series 3d ed. 1980).

■ The State urges that a lay person should be able to offer an opinion as to weight in the same way that a lay person can offer an opinion as to value. See *Sullivan v. State,* 701 S.W.2d 905 (Tex.Cr.App. 1986). While it is true that a witness need not be an expert in any technical sense in order for his opinion or estimate of values to be received, the witness must, however, possess: (1) a knowledge of the market value if there is one; (2) his knowledge must be of values in the vicinity; and (3) his knowledge must in some degree be based upon personal observation and not solely from hearsay. 2 R. RAY, TEXAS LAW OF EVIDENCE CIVIL AND CRIMINAL sec. 1422 (Texas Practice Series 3d ed. 1980). In other words, the witness must have the requisite personal knowledge to be competent.

The State urges that *Sullivan* stands for the proposition that an owner may testify as to the value of his property even if his opinion is based solely upon hearsay. Because an estimate of weight is analogous to an estimate of value, Mrs. Neyland should be able to testify that her diamond weighed one carat. We disagree with the State's interpretation of *Sullivan.* In *Sullivan,* the owner had no actual knowledge of the market value of the stolen rifle. He did, however, know from a personal observation that it was a unique rifle and that it had been fired and used and was able to estimate its worth at $500. Even though the complainant in *Sullivan* could not testify as to the market value of the rifle based on a willing-seller willing-buyer situation, as owner, he had the requisite personal knowledge to give an opinion as to the value of his rifle. His opinion was not based solely upon hearsay.

■ Lay witness opinion testimony of value is analogous to lay opinion testimony of weight. In each case the witness must have personal knowledge. It cannot be based solely on hearsay. By her own testimony, Mrs. Neyland stated she had never personally weighed the diamond. She based her opinion solely on what others had told her. Having pled the diamond was "one (1) carat," the State was charged with the burden of proving the weight. Mrs. Neyland's opinion as to the weight of her diamond was based solely on hearsay and was, therefore, inadmissible over the timely objection. TEX.R.CRIM.EVID. 802. Appellant's second point of error is sustained.

■ Since appellant's second point is sustained, it is not necessary to address the third point. Even though the only evidence in the record to the descriptive averment is excluded as inadmissible evidence, the reversal is considered as a reversal for trial error. See *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); *Greene v. Massey,* 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978); *United States v. Porter,* 807 F.2d 21 (1st Cir.1986); *United States v. Marshall,* 762 F.2d 419 (5th Cir.1985); *United States v. Key,* 725 F.2d 1123 (7th Cir.1984); *United States v. Sarmiento–Perez,* 667 F.2d 1239 (5th Cir.), *cert. denied,* 459 U.S. 834, 103 S.Ct. 77, 74 L.Ed.2d 75 (1982). The double jeopardy clause does not prevent this retrial.

The judgment of the trial court is reversed, and the matter remanded for new trial.

DICKENSON, Justice, dissenting.

I dissent to the Court's holding that the owner of the missing diamond ring should not have been permitted to testify as to her ring's weight. As noted in the majority opinion, an owner's testimony of the property's value is analogous to an owner's testimony of the property's weight. The Court of Criminal Appeals noted in *Sullivan v. State*, 701 S.W.2d 905 at 908 (Tex.Cr.App.1986):

> It has long been the rule in this State that the owner of property is competent to testify as to the value of his own property.

Consequently, I would hold that the trial court did not err in overruling the objection to this testimony.

The judgment of the trial court should be affirmed.